## McKEON v. LOUIS WEBER BLDG. CO.

### (Supreme Court, Appellate Term. November 18, 1903.)

1. NEGLIGENCE—EVIDENCE—INSTRUCTIONS—DEGREE OF CARE REQUIRED.

To unload bricks ordered by defendant, plaintiff's wagon was backed to the edge of an excavation maintained by defendant, and, coming in contact with a piece of timber placed to guard the rear wheels of wagons, the timber gave way and the wagon and horses fell into the excavation. The driver was controlled by orders given by defendant's servant. The court, in an action for the injuries, eliminated any question of the servant's negligence, and instructed that it was defendant's duty to maintain the timber in a sufficiently secure condition to prevent the trucks from falling into the excavation. *Held,* on appeal from a judgment for plaintiff, that the instruction was prejudicially erroneous as imposing an absolute duty of having the timber continuously safe, irrespective of the use of ordinary care.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Terence McKeon against the Louis Weber Building Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Grant C. Fox, for appellant.
James E. Smith, for respondent.

BISCHOFF, J. For the purpose of unloading bricks ordered by the defendant, the plaintiff's wagon was backed to the edge of an exca-vation maintained by the defendant in some building work, and, coming in contact with a piece of timber placed to guard the rear wheels of wagons thus unloading, the timber gave way or was pushed back, with the result that the wagon and horses fell into the excavation and the horses were killed.

It was shown that the plaintiff's driver, when backing the wagon at this point, could not see the timber because of the loaded condition of the wagon, and that he was controlled in his approach to the excavation by orders given by the defendant's servant who stood near the timber. In view of the evidence of this servant's authority and of the facts of the accident, a recovery might have been had upon the theory that the injury to the plaintiff's property occurred when in the actual control of the defendant and through the negligent exercise of that control; but the trial court expressly eliminated the question of the defendant's servant's negligence from the case, and submitted the issue to the jury with the instruction that the defendant was under the duty to maintain the timber "in a sufficiently secure and firm condition, so that it could accomplish the purpose for which it was put there, namely, to prevent the trucks from rolling over into the excavation." This charge imposed an absolute duty of having the timber continuously safe, irrespective of the use of ordinary care to that end, which was the true limit of the duty. From the plaintiff's own evidence as to the use of this timber throughout the morning, it would appear that the thing used was adequate, generally, for the use intended, and the inference of negligence seems to be confined to the manner in which this wagon was made to come in contact with it. Since the jury were not permitted to find that the defendant was chargeable with this particular negligence, the verdict stands simply upon the fact that the timber was at the moment insufficient to keep the wagon from falling, under a charge which authorized a recovery upon that fact. The appellant duly brought this error to the attention of the trial court, and that it was of a prejudicial character admits of no doubt.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.